IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAMON ZEIGLER, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 5:12-CV-480-MTT-MSH |
| vs. | : | 28 U.S.C. § 2254 |
| | : | |
| Warden DARRELL HART, | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

### **REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely (ECF No. 9). For the reasons described below, Respondent's motion should be denied.

### **BACKGROUND**

On February 8, 2001, in the Superior Court of Bibb County, Petitioner was found guilty of two counts of armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. (Pet. for Writ of Habeas Corpus 1, ECF No 1.) Petitioner was sentenced the following day to twenty-five years in prison. (*Id.*) Petitioner timely appealed his conviction to the Court of Appeals, which affirmed his conviction and sentence on October 19, 2004. *Ziegler v. State*, 270 Ga. App. 787 (2004). Petitioner filed a motion for reconsideration on November 22, 2004 which was denied as untimely on December 8, 2004. *Ziegler v. State*, No. A04A1471, slip op. (Ga. App. Dec. 8, 2004). Next, Petitioner filed a notice of intent to file a petition for certiorari

on December 13, 2004 and a petition for certiorari with the Supreme Court of Georgia on December 31, 2004, which was dismissed as untimely on April 26, 2005. *Zeigler v. State*, No. S05C0721 (Ga. Apr. 26, 2005). The United States Supreme Court likewise denied his petition for certiorari which was filed on September 8, 2005, and denied on November 14, 2005. *Zeigler v. Georgia*, 546 U.S. 1019 (2005); Resp't's Ex. 5, ECF No. 11-5.

Petitioner filed a Motion to Vacate Sentence with the Superior Court of Bibb County on May 27, 2005. (Mot. to Object to R&R Ex. A.) This motion was summarily denied on March 2, 2006. (*Id.*) On April 19, 2006, Petitioner filed a state habeas corpus action in the Superior Court of Macon County. (Resp't's Ex. 1a, ECF No. 11-1; Pet. for Writ of Habeas Corpus 3.) The state court denied Petitioner's application for habeas relief on August 8, 2011, and his application for a certificate of probable cause was denied by the Supreme Court of Georgia on October 29, 2012. (Resp't's Exs. 3-4, ECF Nos. 11-3, 11-4.) Petitioner filed his federal application for habeas relief on November 28, 2012. (Pet. for Writ of Habeas Corpus 14.)

## DISCUSSION

### I. The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this

2

Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II. Petitioner's Application is within AEDPA one-year limitations period.

Petitioner was found guilty and was sentenced on February 9, 2001. (Pet. for Writ of Habeas Corpus 1.) Petitioner thereafter filed an appeal with the Court of Appeals which issued its decision on October 19, 2004. Petitioner had ten days from October 19, 2004—until October 29, 2004—within which to file a notice of intent to seek certiorari

with the Supreme Court of Georgia. Ga. Sup. R. 38(1). Petitioner failed to do so. Therefore, Petitioner's judgment became final on October 29, 2004. *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner's later, untimely filings with the Court of Appeals, Georgia Supreme Court, and United States Supreme Court do not extend the date on which Petitioner's judgment became final or otherwise toll the AEDPA limitations period. Petitioner filed a motion for reconsideration on November 22, 2004, which the Court of Appeals found to be untimely filed. *See Ziegler v. State*, No. A04A1471, slip op. (Ga. App. Dec. 8, 2004) (denying petition as untimely); Ga. App. R. 37(a) (motions for reconsideration must be filed within ten days of the order). Petitioner did not file his notice of intent to file a petition for certiorari until December 13, 2004, which petition was dismissed as untimely on April 26, 2005. *Zeigler v. State*, No. S05C0721 (Ga. Apr. 26, 2005). Since the Petitioner's motion for reconsideration and notice of intent to apply for certiorari were deemed untimely filed by the state courts, the time those motions were pending do not count in determining the finality of Petitioner's judgment or otherwise toll the limitations period. *See, e.g., Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (finding that if a motion for out-of-time appeal is *granted*, a judgment becomes final at the end of the consideration of the out-of-time appeal); *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003) (explaining that federal courts are bound by a state's determination of timeliness

4

concerning an appeal in the state court); *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) ("[A] state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's *timely* filing of a petition for review at the next level.") (emphasis in original).  Likewise, the time Petitioner's untimely filed petition for certiorari to the United States Supreme Court does not extend the date when his conviction became final. *Cf. Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012) (discussing finality).

Petitioner filed a Motion to Vacate Sentence with the Superior Court of Bibb County on May 27, 2005.[1]  This filing tolled the AEDPA statute of limitations until the court issued its ruling on March 2, 2006. *See generally Estes v. Chapman,* 382 F.3d 1237 (11th Cir. 2004; *Espinosa v. Toole*, No. CV411-181, 2011 WL 2971877, at *2 (S.D. Ga. July 20, 2011) (discussing *Estes* and agreeing that a motion to vacate is a collateral review filing).  Plaintiff allowed 211 days to pass from the date his conviction became final until he filed his first motion for collateral review.  Thus, Petitioner had 154 days remaining in his one-year limitations period when the ruling on the Motion to Vacate was filed in the state court on March 2, 2006.  Petitioner filed a state habeas corpus action in the Superior

---

[1] Respondent did not supply Petitioner's Motion to Vacate in his filing of the relevant record for purposes of the motion to dismiss.  Petitioner provided the Court with a file-stamped copy of the ruling on this motion in response to the undersigned's initial Report and Recommendation on the motion.  Respondent has responded to Petitioner's objections and concedes that the Petitioner's Motion to Vacate tolled the AEDPA limitations period.  (Resp. to Pet'r's Objection to R&R ¶ 7, ECF No. 17.)

Court of Macon County on April 19, 2006, leaving 105 days in his limitations period. (Resp't's Ex. 1a, ECF No. 11-1; Pet. for Writ of Habeas Corpus 3.) The state court denied Petitioner's application for habeas relief on August 8, 2011, and his application for a certificate of probable cause was denied by the Supreme Court of Georgia on October 29, 2012. (Resp't's Exs. 3-4, ECF Nos. 11-3, 11-4.) Petitioner filed his federal application for habeas relief 31 days later, on November 28, 2012. (Pet. for Writ of Habeas Corpus 14.) Thus, Petitioner had 74 days remaining in his one-year limitations period when this action was filed and Respondent's motion to dismiss Petitioner's application as untimely should be denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss (ECF No. 9) should be DENIED. In his response to Petitioner's Objections, Respondent has requested additional time to respond to the merits of Petitioner's habeas action. It is therefore further recommended that this request be GRANTED and Respondent given thirty (30) days from the date the Court rules on this Report and Recommendation to respond to the merits of Petitioner's application for habeas relief and to Petitioner's Motion for Summary Judgment (ECF No. 14). Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

6

SO RECOMMENDED, this 9th day of September, 2013.

S/Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE