IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAMON ZEIGLER, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 5:12-CV-480-MTT-MSH |
| vs. | : | 28 U.S.C. § 2254 |
| | : | |
| Warden DARRELL HART, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

On November 30, 2012, Petitioner Damon Zeigler, who is currently serving his sentence at Dooly State Prison in Unadilla, Georgia, filed the above-styled action pursuant to 28 U.S.C. § 2254. (Pet. for Writ of Habeas Corpus; ECF No. 1.) Respondent filed his Answer (ECF No. 8) and a Motion to Dismiss Petition as Untimely (ECF No. 9) on February 12, 2013. His Exhibits were filed on February 22, 2013. (ECF No. 11.) On September 9, 2013, the undersigned filed a Report and Recommendation (ECF No. 19) recommending denying Respondent's Motion, which was adopted as the Order of the Court on September 30, 2013 (ECF No. 21). Petitioner has also filed a Motion for Summary Judgment, which essentially argues for and requests a default judgment against Respondent. (ECF No. 14.) The Parties have briefed the Court on the merits of Petitioner's habeas Petition, and the Petition is now ripe for review. For the reasons explained below, it is recommended that Petitioner's Petition for habeas relief and his Motion for Summary Judgment be denied.

## PROCEDURAL HISTORY

On February 8, 2001, in the Superior Court of Bibb County, Petitioner was found guilty of two counts each of armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. (Pet. for Writ of Habeas Corpus (hereinafter "Pet.") 1, ECF No 1.)  Petitioner was sentenced the following day to twenty-five years in prison. (*Id.*)  Petitioner timely appealed his conviction to the Court of Appeals, which affirmed his conviction and sentence on October 19, 2004. *Ziegler v. State*, 270 Ga. App. 787 (2004). Petitioner's direct attacks on his conviction and sentence were exhausted on March 2, 2006, when the Superior Court of Bibb County denied his motion to vacate the sentence. (Mot. to Object to R&R Ex. A; *see also Ziegler v. State*, No. A04A1471, slip op. (Ga. App. Dec. 8, 2004); *Zeigler v. State*, No. S05C0721 (Ga. Apr. 26, 2005); *Zeigler v. Georgia*, 546 U.S. 1019 (2005); Resp't's Ex. 5, ECF No. 11-5.)

On April 19, 2006, Petitioner filed a state habeas corpus action in the Superior Court of Macon County. (Resp't's Ex. 1a, ECF No. 11-1; Pet. 3.)  The state court denied Petitioner's application for habeas relief on August 8, 2011, and his application for a certificate of probable cause was denied by the Supreme Court of Georgia on October 29, 2012. (Resp't's Exs. 3-4, ECF Nos. 11-3, 11-4.)  Petitioner filed his federal application for habeas relief on November 28, 2012. (Pet. 14.)  This Court denied Respondent's motion to dismiss the Petition on September 30, 2013, finding that the petition was filed within the statute of limitations.  Respondent filed his brief on October 30, 2013, and Petitioner his Response on December 26, 2013.  The Petition is now ripe for review.

**STANDARD OF REVIEW**

The Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs a district court's jurisdiction over federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U. S. 362, (2000), the Supreme Court of the United States set forth the AEDPA-established federal habeas review standard for claims adjudicated on the merits in state courts. The *Williams* court held that § 2254(d)(1) limits the issuance of the writ to two specific situations, namely where "the state-court decision was either (1) *contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States, or (2) *involved an unreasonable application of* . . . clearly established Federal law as determined by the Supreme Court of the United States." 529 U.S. at 404-05 (quotation marks omitted) (emphasis in original). The Court added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Furthermore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

When the state habeas court has found that a petitioner's federal habeas claims were procedurally defaulted and did not reach the merits, the United States Supreme Court has held that:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Therefore, a petitioner must show both "cause for the default" and "actual prejudice" resulting from the violation of federal law complained of, or that a "fundamental miscarriage of justice" will result from deference to the state habeas court's ruling. (*Id*.)

## PETITIONER'S CLAIMS

Petitioner's application for a federal writ of habeas corpus cites four grounds for relief. In ground 1, Petitioner alleges he received ineffective assistance of both trial and appellate counsel because trial counsel did not request a jury charge on impeachment by conviction and/or moral turpitude and appellate counsel did not raise this issue as error. (Pet. 15.) In ground 2, Petitioner contends that both trial and appellate counsel were also ineffective for failing to contest the validity of the indictment against him. (*Id*.) In ground 3, Petitioner alleges that appellate counsel was ineffective for failing to raise on appeal that the trial court erred in striking a juror who knew Petitioner's then-girlfriend. (*Id*. at 16.) Petitioner's fourth stated ground for habeas relief does no more than argue that the state habeas court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), was incorrect and amounts to a "decision that is contrary to law established by the U.S. Supreme Court." (Pet. 16.) As this argument is essentially a statement of the relevant standard, the Court does not consider this as an independent ground for relief.

## DISCUSSION

**I.      Appellate Counsel Ineffectiveness Claims[1]**

As stated above, the question here is whether the state court's adjudication of Petitioner's claims amount to a decision that was either contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See Williams*, 529 U.S. at 404-05. Petitioner must rebut the AEDPA-mandated presumption of deference to the state court adjudication by clear and convincing evidence. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). The first step, therefore, is to find such clearly established federal law within the Supreme Court's jurisprudence on the issue of appellate counsel ineffectiveness.

In *Strickland v. Washington*, the United States Supreme Court held that, at least in regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the defendant's case. 466 U.S. at 688-92. The Supreme Court of the United States has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to a defendant's first appeal. *Evitts v. Lucey*, 469 U.S. 387, 394-97 (1985). Furthermore, in *Burger v. Kemp*, 483 U.S. 776 (1987), the Supreme Court applied the *Strickland* standard to

---

[1]   Because the state habeas court found Petitioner's trial counsel ineffectiveness claims were procedurally defaulted, and that his appellate counsel ineffectiveness claims lacked merit, the most logical approach to the discussion of Petitioner's grounds for relief is to group them by type rather than in the manner Petitioner has listed them.

determine whether appellate counsel was ineffective. 483 U.S. at 794 (finding that the appellate attorney's decision "was supported by reasonable professional judgment," and thus met the standard set forth in *Strickland v. Washington*.). Thus, the *Strickland* standard applies to claims of ineffective assistance of appellate counsel.

Petitioner contends that his appellate counsel was ineffective in three ways: (1) appellate counsel did not argue on appeal that the court erred in failing to include a jury charge on impeachment by conviction and/or moral turpitude; (2) appellate counsel did not argue on appeal that trial counsel was ineffective for failing to challenge the validity of the indictment against him; and (3) appellate counsel did not argue on appeal that the trial court erred in striking a juror who knew Petitioner's former girlfriend. Each of these issues was decided on the merits by the state habeas court applying *Strickland* to the facts. (*See* Resp't's Ex. 3.)

The Court first turns to Petitioner's argument that appellate counsel should have appealed the failure to include a jury charge on impeachment by conviction and/or moral turpitude. The state habeas court, applying *Strickland's* two-pronged test, found appellate counsel's decision not to raise that issue was reasonable and that Petitioner had not shown prejudice. (Resp't's Ex. 3 at 8-9.) Petitioner contends that such an error can constitute reversible error under Georgia law, and thus, appellate counsel's failure to argue such error on appeal means he was ineffective. (Pet.'s Resp. 2, ECF No. 25.) The state habeas court disagreed, finding that appellate counsel acted as a reasonable attorney in discussing with Petitioner the potential issues on appeal, and subsequently making the decision on which to pursue. (Resp't's Ex. 3 at 8.) Furthermore, the court found that

6

under existing Georgia precedent the jury charge issue would not have been grounds for reversal, thus no prejudice could be found. (*Id*. at 9-10.) The Court finds that Petitioner has failed to show this application of the *Strickland* test was flawed at all, let alone objectively unreasonable. Therefore, Petitioner's first claim of ineffective assistance of appellate counsel fails.

Next, the Court considers Petitioner's argument that appellate counsel should have argued that trial counsel was ineffective to failing to move to quash the indictment. Petitioner argued in his state habeas action, and argues here, that the indictment was improperly returned in that grand jurors served in consecutive terms of court. (Pet. 15.) The state habeas court found that state law specifically allowed the Superior Court of Bibb County to recall jurors on consecutive grand juries, and therefore concluded that Petitioner did not and could not show the requisite prejudice to satisfy *Strickland*. (Resp't's Ex. 3 at 10-11.) Petitioner has not shown that this determination was objectively unreasonable, and therefore, Petitioner's second ineffective appellate counsel claim fails.

Lastly, the Court considers Petitioner's argument that appellate counsel should have appealed the trial court's dismissal of a juror for improper contact with Petitioner's then-girlfriend. Again, the state habeas court, applying *Strickland*, found that this decision was reasonable and Petitioner had not shown prejudice. (*Id*. at 8.) As the state habeas court noted, the juror was dismissed because he spoke with the Petitioner's then-girlfriend during a recess. (*Id*.) Petitioner made no showing that this decision by the trial court was an abuse of its discretion or that appellate counsel was unreasonable in

7

deciding not to pursue that issue. (Resp't's Ex. 3 at 8.) Petitioner has not shown that the state habeas court's finding was contrary to or an unreasonable application of *Strickland*, and therefore it must fail as well.

## II.     Trial Counsel Ineffectiveness Claims

As previously noted, this case is governed by the AEDPA, so the threshold question is whether the state habeas court's determination warrants deference under 28 U.S.C. § 2254(d). *Renico v. Lett*, 559 U.S. 766, 773 (2010). Petitioner contends that his trial counsel was ineffective in failing to request a jury charge on impeachment by conviction and/or moral turpitude and in failing to move to quash the indictment based on the grand jury issue discussed above. (Pet. 15.) The state habeas court found that under O.C.G.A. § 9-14-48(d) (the state habeas corpus statute) Petitioner's challenges to the effectiveness of his trial counsel were procedurally defaulted because he did not raise these claims on direct appeal with new counsel and did not show cause for failing to do so or show actual prejudice, both of which were required to excuse default. (Resp't's Ex. 3 at 13-14.)

As stated above, the *Coleman* ruling requires Petitioner to show both "cause for the default" and "actual prejudice" resulting from the violation of federal law complained of or that a "fundamental miscarriage of justice" will result from this Court's deference to the state habeas court's ruling. 501 U.S. at 750. Georgia law states that satisfying the *Strickland* test can show cause and prejudice to overcome § 9-14-48(d)'s procedural bar. *See Battles v. Chapman*, 269 Ga. 702, 506 S.E.2d 838 (1998).

Petitioner contends that during his post-conviction proceedings he urged his attorney to appeal the issue of trial counsel's ineffectiveness, but appellate counsel decided against it. (Pet.'s Resp. 3.) Then, when Petitioner attempted to have appellate counsel removed, the court denied his motion. Therefore, Petitioner contends, he was foreclosed from bringing these challenges as he desired, so for the court to use his failure to raise them as the basis for refusing to hear them at the habeas level is unfair and violates his due process rights. (*Id.*) Although not expressly stated, Petitioner presumably contends that this constitutes cause for failing to raise the issue at the proper time. However, Petitioner makes no specific contentions regarding the actual prejudice requirement, and as the Court found *supra* regarding his appellate counsel's decision on this issue, the argument lacked any merit. Therefore, no actual prejudice can be found and Petitioner cannot satisfy that requirement, thus rendering the issue of cause moot.

The Court could alternatively construe Petitioner's argument that deference to the state habeas court's determination of default would violate his right to due process by "depriv[ing him] of the opportunity to have the court rule on the merits of his claims," (Pet.'s Resp. 3) as an argument that a "fundamental miscarriage of justice" would result from deference to the state court. However, as the Court found *supra*, the merits of his claim are lacking because neither the jury charge issue nor the indictment issue give a basis for overturning his conviction or sentence. Therefore, no "fundamental miscarriage of justice" occurs by deferring to the state's determination that the trial court ineffectiveness claims were procedurally defaulted, and Petitioner's claims must fail.

9

### III.  Petitioner's Motion for Summary Judgment

Petitioner has also filed a Motion for Summary Judgment. (ECF No. 14.) As to Petitioner's contention that Respondent failed to comply with the Court's December 13, 2012 Order, the Court finds that sanctions are not appropriate in this case. Petitioner's motion is essentially a prayer for a default judgment with a request that "his conviction(s) be vacated with time served." (Pet.'s Mot. for Summ. J. 3.) The Eleventh Circuit Court of Appeals has held that "default judgment is not contemplated in habeas corpus cases." *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir. 1989). Accordingly, Petitioner's Motion should be denied.

### IV.  Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a court denies a habeas petition on the merits, this standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for a Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. It is further

recommended that Petitioner's Motion for Summary Judgment (ECF No. 14) and a certificate of appealability be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

    SO RECOMMENDED this 28th day of February, 2014.

    /s/ Stephen Hyles  
    UNITED STATES MAGISTRATE JUDGE